IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Chemoil Middle East DMCC, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION 5:14-cv-962 _____ |
| v. § | |
| § | **IN ADMIRALTY** |
| Gulf Marine Management S.A., § | |
| § | |
| and § | |
| § | |
| Chloe Navigation Ltd. § | |
| § | |
| Defendants, § | |
| § | |
| and § | |
| § | |
| Tesoro Far East Maritime Company, § | |
| § | |
| Garnishee. § | |

**VERIFIED COMPLAINT WITH REQUEST FOR
FOR WRITS OF MARITIME ATTACHMENT AND GARNISHMENT**

Chemoil Middle East DMCC ("Chemoil") sues Gulf Marine Management S.A., and its alter-ego/subsidiary Chloe Navigation Ltd. (collectively "Gulf Marine") *quasi in rem* pursuant to Supplemental Admiralty and Maritime Rule B as more fully set out herein.

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, 28 U.S.C. § 1330, Supplemental Rule B, and Fed. R. Civ. P. 9(h).

2. Venue is proper in this Court because the Garnishees and their accounts owing to defendant, all property of defendant, on information and belief are located and can be found in this District. Defendant cannot be found in this District within the meaning of Supplemental Rule B. Pursuant to Fed. R. Civ. P. 9 (c), plaintiff states that all conditions precedent to

plaintiff's claims herein have occurred or been performed.

## The Parties

3. Chemoil was and is now a company organized and existing under the laws of California.

4. At and during all material times hereinafter mentioned, Defendant Gulf Marine Management S.A. was and is now a company organized and existing under the laws of Panama.

5. Gulf Marine is the disponent/group and ultimate owner of the vessel M/T CHLOE, IMO No. 9457452 ("Vessel"), as confirmed by the Lloyd's Register of Shipping (Sea Web), record set out as **Exhibit A** hereto,

6. Tesoro Far East Maritime Company is an individual corporation with its principal place of business at 19100 Ridgewood Parkway, San Antonio, Texas 78259, and has, or may soon have, property of Gulf Marine.

## Count I - Breach of Maritime Contract

7. Chemoil is a corporation engaging in the fueling (bunkering) of ocean-going vessels. Gulf Marine Management, S.A. owns, charters and operates ocean-going vessels. In January, 2014, Gulf Marine also operated and chartered the M/T ARTEMIS GLORY. On January 13, 2013, as operator and charterer of the M/T ARTEMIS GLORY, Gulf Marine Management, S.A. contacted Chemoil by email, requesting that Chemoil quote a price for marine fuel for the M/T ARTEMIS GLORY. On January 13, 2014, Chemoil quoted an accepted price, and sent by return email a sale confirmation. Gulf Marine Management, S.A.'s initial email request for quote, and Chemoil's response with acceptance and confirmation, are **Exhibit B** hereto. The confirmation and email confirmed as well that the sale was subject to Chemoil's General Terms and Conditions for the Sale of Marine Fuels, a copy of which is **Exhibit C**

hereto.

8. On or about January 16, 2014, on the order of Gulf Marine confirmed in the contractual documents which are Exhibits B and C hereto, Chemoil provided bunkers and bunker services ("marine fuel") to the M/T ARTEMIS GLORY, a vessel operated and/or chartered by Gulf Marine, as confirmed by Chemoil's January 17, 2014 invoice to Gulf Marine, and the January 16, 2014 delivery receipt to the Vessel which are **Exhibit D** hereto.  As set out in Exhibit D hereto, Chemoil provided the marine fuel through a physical supplier, and the Chief Engineer of the M/T ARTEMIS GLORY, an employee agent of defendants Gulf Marine, signed the receipt for the marine fuel on behalf of defendants Gulf Marine and its vessel, the M/T ARTEMIS GLORY.  Chemoil fully paid the physical supplier and thereby also acceded to and took assignment of all rights of that physical supplier.  Chemoil entered into the contract to provide marine fuel to the M/T ARTEMIS GLORY, its Master and/or Owners and/or Charterers, including Gulf Marine.

9. As set out above, Chemoil confirmation of the order on January 13, 2014 made plain that Chemoil's terms and conditions would apply to the sale.  The confirmation states specifically as follows:

> <u>This sale is based on the standard terms and conditions of sale of marine fuel by Chemoil Energy Group of Companies (May 2012).  Fuel oil will be supplied with the express recognition that procurement was authorized by the owner of the vessel, as defined by section 971 of the federal maritime lien act</u>.
>
> <u>All sales will be considered as ratified by the owner, agent, ship's master or charterer.</u> Please note that, in accordance with Chemoil's terms and conditions of sale, late payments will be subject to finance charges of 2% per month, or the maximum rate permitted under law, whichever is less, calculated from the due date until payment<u>. Please refer to our webpage at www.chemoil.com for a copy of our port tariffs and standard terms and conditions of sale of marine fuel</u>.
>
> <u>We will assume that all parties agree to this confirmation unless we are notified in writing 24 hours of the date and time that this message is sent</u>.

3

(Emphasis added).  Chemoil received no notification to the contrary in writing within 24 hours of the date and time of this confirmation, or otherwise.  Chemoil's General Terms and Conditions for the Sale of Marine Fuels, a copy of which is Exhibit B hereto ("Standard Terms"), incorporated into the sale terms, provide for Chemoil's recovery of all of its interest, costs and attorneys' fees should payment not be timely made.

10. On January 17, 2014 Chemoil issued its invoice to Gulf Marine (Exhibit C hereto), in the agreed amount of $1,307,080.50, with 45 day terms.  The total remaining due to Chemoil, including interest and finance charges, is $1,307,080.50, and further interest, costs and attorneys' fees as provided in the Chemoil Standard Terms.  Despite repeated demand, Chemoil has not been paid for the bunkers provided to the M/T ARTEMIS GLORY, and related contractually-required charges.

11. As set in Exhibit A hereto, Defendant Gulf Marine Management SA is the sole owner and alter ego, and vice versa, of Defendant Chloe Navigation Ltd.  Each has the same office and ownership.  Defendant Gulf Marine Management, S.A. is the group owner, ship manager, and operator of the M/T CHLOE.  Defendant Gulf Marine Management SA established Chloe Navigation Ltd. as a one-vessel-owning company, and wholly controls and dominates Chloe Navigation Ltd.  Chloe Navigation Ltd. and any of its property including the Vessel belong solely to Gulf Marine Management SA.

## COUNT I

### Breach of Maritime Contracts

12. Plaintiff incorporates the above paragraphs as if specifically set forth herein.

13. Defendant Gulf Marine Management S.A. (including its alter ego, Chloe Navigation) has breached its maritime contract to pay Chemoil as set out above.  Despite

4

demand, plaintiff remains unpaid.

    14.    Plaintiff therefore demands judgment, as set out more fully below.

## COUNT II

### Maritime Attachment and Garnishment (Rule B)

    15.    Chemoil incorporates the above paragraphs as if specifically set forth herein.

    16.    On information and belief, Defendants have, or soon will have, property within this District held by Garnishee, including but not limited to, accounts receivable owed to Gulf Marine by Garnishee.

    17.    Defendants cannot be found within this District pursuant to Supplemental Rule B, and this Court therefore should issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B attaching all of Gulf Marine's tangible or intangible property or any other funds held by Garnishee on behalf of Gulf Marine, up to at least the amount demanded herein to secure Chemoil's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint, as more fully set out below.

### Prayer for Relief

    WHEREFORE, Chemoil prays:

    A.    That in response to Count I, judgment be entered against Gulf Marine (including Chloe Navigation) in the amount of <u>at least USD $1,699,204.65</u>, plus daily accrued contractual interest, and attorneys' fees, for the principal amounts due and overdue for provision of bunkers to the M/T ARTEMIS GLORY and related amounts; and

    B.    That in response to Count II, since Defendants cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue


demand, plaintiff remains unpaid.

14. Plaintiff therefore demands judgment, as set out more fully below.

## COUNT II

### Maritime Attachment and Garnishment (Rule B)

15. Chemoil incorporates the above paragraphs as if specifically set forth herein.

16. On information and belief, Defendants have, or soon will have, property within this District held by Garnishee, including but not limited to, accounts receivable owed to Gulf Marine by Garnishee.

17. Defendants cannot be found within this District pursuant to Supplemental Rule B, and this Court therefore should issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B attaching all of Gulf Marine's tangible or intangible property or any other funds held by Garnishee on behalf of Gulf Marine, up to at least the amount demanded herein to secure Chemoil's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint, as more fully set out below.

### Prayer for Relief

WHEREFORE, Chemoil prays:

A. That in response to Count I, judgment be entered against Gulf Marine (including Chloe Navigation) in the amount of <u>at least USD $1,699,204.65</u>, plus daily accrued contractual interest, and attorneys' fees, for the principal amounts due and overdue for provision of bunkers to the M/T ARTEMIS GLORY and related amounts; and

B. That in response to Count II, since Defendants cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue

Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Gulf Marine's tangible or intangible property or any other funds held by Garnishee, up to the amount of at least the amount demanded herein to secure Chemoil's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint; and

      C.      That this Court award Chemoil such other and further relief that this Court deems just and proper.

Dated: October 31, 2014.

                                        <u>/s/ J. Stephen Simms</u>
                                        J. Stephen Simms
                                        John T. Ward
                                        Marios J. Monopolis
                                        (pro hac motions to be filed)
                                        SIMMS SHOWERS LLP
                                        201 International Circle, Suite 250
                                        Hunt Valley, Maryland 21030
                                        Telephone: (410) 783-5795
                                        Facsimile: (410) 510-1789
                                        jssimms@simmsshowers.com
                                        jtward@simmsshowers.com
                                        mjmonopolis@simmsshowers.com

                                        Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| Chemoil Middle East DMCC, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION _____ |
| v. § | |
| § | **IN ADMIRALTY** |
| Gulf Marine Management S.A., § | |
| § | |
| and § | |
| § | |
| Chloe Navigation Ltd. § | |
| § | |
| Defendants, § | |
| § | |
| and § | |
| § | |
| Tesoro Far East Maritime Company, § | |
| § | |
| Garnishee. § | |

## VERIFICATION

I am a Principal of the law firm Simms Showers LLP, counsel to Chemoil.  The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Chemoil made available to me by Chemoil.  Authorized officers of Chemoil are not readily available in this District to make verifications on plaintiff's behalf.  I am authorized to make this verification on Chemoil's behalf.

    Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

    Executed on October 31, 2014.

    _____
    J. Stephen Simms