IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Chemoil Middle East DMCC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION 5:14-cv-962 |
| v. | § § | **IN ADMIRALTY** |
| Gulf Marine Management S.A., | § § | |
| and | § § | |
| Chloe Navigation Ltd. | § § | |
| Defendants, | § § | |
| and | § § | |
| Tesoro Far East Maritime Company, | § § | |
| Garnishee. | § | |

**MOTION AND MEMORANDUM FOR ORDER AUTHORIZING
ISSUE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff Chemoil Middle East DMCC ("Chemoil") pursuant to Supplemental Rule B, for an Order directing the Clerk to issue a Supplemental Rule B Writ of Maritime Attachment and Garnishment upon the Garnishee listed in the above-named caption, and providing further that the Clerk may issue further writs on application of Chemoil.  In further support of this motion, plaintiff states as follows.

Supplemental Rule B(a) provides as follows:

> If a defendant is not found within the district, when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property - up to the amount sued for - in the hands of garnishees named in the process.

Chemoil has filed a Verified Complaint seeking process to attach and garnish, pursuant to

Supplemental Rule B, the property of defendant defendants Gulf Marine Management SA and its alter-ego/subsidiary Chloe Navigation Ltd. (collectively "Gulf Marine") that is found in this District, namely, monies owed to Gulf Marine that are now, or soon will be, in the hands of the named Garnishee.

> Specifically, Rule B notes that process of attachment can reach all of "the Defendant's tangible or intangible personal property" and courts have construed this language expansively to recognize a variety of attachable interests -- including funds in a bank account, escrow in the court registry, debts owed to a defendant, and an arbitration award in Defendant's favor.

*Consub Del. L.L.C. v. Schahin Eugenharia Limitada*, 676 F. Supp. 2d 162, 167, (S.D.N.Y. 2009) (footnotes omitted). "The Rule's use of the possessive form - "defendant's" - makes ownership of the assets a criterion of their attachability. Rule B does not require that a defendant, in addition to ownership, have full control over its goods, chattels, credits or effects." *Starboard Venture Shipping v. Casinomar Transp.*, 1993 U.S. Dist. LEXIS 15891, 1994 A.M.C. 1320 (S.D.N.Y. 1993).

> Rule B(1) . . . provides that a maritime Plaintiff may 'attach the Defendant's tangible or intangible personal property.' It is difficult to imagine words more broadly inclusive than 'tangible or intangible.'" *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 276 (2d Cir. 2002) (citation omitted). Given the breadth of Rule B, it is recognized that the Rule permits a Plaintiff to attach, for example, "debts owed to the Defendant . . . even if they have not yet matured or have only partially matured," provided that "the Defendant's entitlement to the credit or interest in the debt [is] clear." *Id.* (*quoting* Robert M. Jarvis, An Introduction to Maritime Attachment Practice Under Rule B, 20 J. Mar. L. & Com. 521, 530 (Oct. 1989)). Accordingly, it has been held that where a transfer of funds between two third-parties is shown to have been made for the benefit of a Defendant subject to an order of attachment, the Defendant's "property interest in" the transfer may be "sufficient to render it attachable under Rule B." *Essar Int'l, Ltd. v. Martrade Gulf Logistics*, FZCO, No. 07 Civ. 3439 (WHP), 2007 U.S. Dist. LEXIS 61713, 2007 WL 2456629, at *2 (S.D.N.Y. Aug. 23, 2007).

*Novoship (UK) Ltd. v. Ruperti*, 567 F. Supp. 2d 501, 505 (S.D.N.Y. 2008).

The Verified Complaint sets out enough facts to state a claim to relief that is plausible on

its face and that the named Garnishee holds property of Gulf Marine within the meaning of Supplemental Rule B. The proposed Writ of Maritime Attachment and Garnishment filed herewith names the Garnishee.

The proposed Order, herewith, also limits garnishment only "to the amount sued for," as required by Supplemental Rule B. Chemoil's Verified Complaint sets out the factual "bases for its belief that [D]efendant's property may be found within this District, as well as the garnishees it seeks authorization to serve." *Wight Shipping, Ltd. v. Societe Anonyme Marocaine de L'Industrie Du Raffinage S.A.*, 2008 U.S. Dist. LEXIS 106420 (S.D.N.Y. Nov. 24, 2008). "[A]t the pleading stage, no obligation exists to prove anything, only to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Capitol Records, Inc. v. City Hall Records, Inc.*, 2008 U.S. Dist. LEXIS 55300, *21–22 (*quoting Bell Atlantic Corp Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).

Chemoil's allegations "demonstrate a 'plausible' entitlement to a maritime attachment" because they "at least show that it is plausible to believe that Defendant's property will be 'in the hands of" garnishees in [this District] at the time the requested writ of attachment is served or during the time that service is effected." *Peninsula Petroleum Ltd. v. New Econ Line Pte Ltd.*, 2009 U.S. Dist. LEXIS 24470, *5 (S.D.N.Y. 2009).

This Court therefore should enter the proposed Order, providing for the Clerk to issue the requested writ of maritime attachment and garnishment, because Chemoil's Verified Complaint "allege[s] facts that make it plausible to believe that: "(1) it has a valid prima facie admiralty claim against the [D]efendant; (2) the Defendant cannot be found within the district; (3) the [D]efendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434,

445 (2d Cir. 2006); *Peninsula Petroleum*, 2009 U.S. Dist. LEXIS 24470 at *1 (S.D.N.Y. Mar. 17, 2009).

Dated: October 31, 2014.

/s/ J. Stephen Simms
J. Stephen Simms
John T. Ward
Marios J. Monopolis
(pro hac motions to be filed)
SIMMS SHOWERS LLP
201 International Circle, Suite 250
Hunt Valley, Maryland 21030
Telephone: (410) 783-5795
Facsimile: (410) 510-1789
jssimms@simmsshowers.com
jtward@simmsshowers.com
mjmonopolis@simmsshowers.com

Attorneys for Plaintiff